# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON BOROSTOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 0022 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CAROLYN W. COLVIN[1], Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Jason Borostowski seeks review of the final decision of the Commissioner ("Commissioner") of the Social Security Administration ("Agency") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). 42 U.S.C. §§ 423(d)(2). Mr. Borostowski asks the court to reverse and remand the Commissioner's decision, while the Commissioner seeks an order affirming the decision.

The Administrative Law Judge handling this case determined that Mr. Borostowski was not disabled because he could perform light work – with certain postural restrictions – that required no more than simple, routine tasks. (R. 31). The ALJ based his conclusion that Mr. Borostowski can perform light work on the residual functional capacity determination of state disability agency physician Dr. Lenore Gonzalez. (R. 34). The capacity for a limited range of light work, according to the testimony of a vocational expert who appeared at Mr. Borostowski's hearing, allowed him to perform a significant number of jobs in the state economy. (R. 35). Accordingly, the ALJ concluded

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d), we have substituted Carolyn W. Colvin for Michael J. Astrue as the appellee.

that Mr. Borostowski was not disabled and not entitled to DIB. (R. 35-36).

As it turns out, there's a rather obvious flaw in that decision, in light of the record, that necessitates that his matter be remanded to the Commissioner. The problem is the ALJ's reliance on the state agency physician's report.

Mr. Borostowski applied for DIB in June 2009, alleging that she had become disabled on November 5, 2007, due to a lower back injury. (Administrative Record ("R.") 125-131, 149, 164). For ten years prior to that, he worked as a delivery truck driver. (R. 152). This was heavy work (R. 56-57), involving lifting and loading and unloading boxes weighing 25 to 50 pounds repeatedly – and occasionally even heavier boxes. (R. 153-57). He injured his back at work, suffering a herniated disc with an associated annular tear. (R. 881). He was treated fairly conservatively without much success and, in December 2008, underwent a three-level, lumbar disc fusion from L3-L4 to L5-S1. (R. 336).

In the wake of the surgery, Mr. Borostowski experienced some improvement (R. 862), but continued to suffer significant back pain. (R. 804, 862, 865). He had to take a number of pain medications, including OxyContin and Norco. (R. 862). His doctor kept him off work until a functional capacity assessment could be performed. (R. 804). That assessment, done on June 11, 2009, was not good. Mr. Borostowski could sit and for not more that 4-5 each, in 45 minute increments. He could walk for 2-3 hours during a day. He could lift 19.2 pounds above his shoulders occasionally, and 12.6 pounds frequently. From desk to chair, he could manage 21.4 pounds frequently; from chair to floor, just 10.4. He could work for just 5-6 hours a day. (R. 629-32). During the test, it was concluded that Mr Borostowski provided full effort. (R. 635). By July 2009, Mr. Borostowski's surgeon deemed his spinal fusion a failed surgery. (R. 948).

2

On October 19, 2009, as part of the DIB application process, Dr. Lenore Gonzalez reviewed Mr. Borostowski's medical file on behalf of the disability agency. In doing so, she said that the functional capacity assessment performed on June 11, 2009 was a valid test. She explained that it showed he was capable of performing light work but only for a maximum of 5 hours a day. (R. 985).

The disability agency arranged for Mr. Borostowski to have a psychological consultative exam with Dr. Mark Langgut on September 19, 2009. Mr. Borostowski explained how his pain had adversely affected his life. He could no longer play with his children. His mood was bad and this affected his interactions with others. He couldn't drive or remain alert due to all the medications he had to take. All his daily activities were adversely affected. He had gained over 50 pounds since his injury. (R. 823-24). He admitted to suicidal ideation. (R. 824). Dr. Langgut rated Mr. Borostowski's depression as 8 on a scale of 1 to 10. (R. 824). He diagnosed Mr. Borostowski with a dysthmic disorder and an anxiety disorder. (R. 825).

Dr. Linda Lanier then reviewed the psychological evidence on behalf of the disability agency. (R. 826). She concluded that Mr. Borostowski's depression and anxiety resulted in mild restrcitions in daily activities, moderate restrictions in social functioning, and moderate restrictions in maintaining concentration, persistence, and pace. (R. 836). She said he had one or two episodes of decompensation. (R. 836). Dr. Lanier felt Mr. Borostowski could understand and follow moderately complex instructions, make simple work-related decisions, and would work best in a low-stress environment. (R. 842).

Thereafter, Mr. Borostowski continued to suffer pain, and treated not only with a variety of drugs – increased doses of OxyContin, plus Valium, Percocet, Lyrica, and Cymbalta – and steroid injections. (R. 963, 966). As of January 2010 Mr. Borostowski's treating doctor said he was at his

3

maximum level of improvement from a surgical perspective. His fusion was "forming" and was "mature." He continued to suffer significant, disabling back pain – 6 to 9 on a scale of 1 to 10. His doctor said the restriction to no more than 5 hours of work activity was permanent. Nothing had changed, essentially, since the June 2009 functional capacity assessment. (R. 867).

The applicable standard of review of the Commissioner's decision is a familiar one. The court must affirm the decision if it is supported by substantial evidence. 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court may not reweigh the evidence, or substitute its judgment for that of the ALL. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009); *Berger*, 516 F.3d at 544. Where conflicting evidence would allow reasonable minds to differ as to whether the claimant is disabled, it is the ALL's responsibility to resolve those conflicts. *Elder v. Astrue*, 529 F.3d 408, (7th Cir. 2008); *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). Conclusions of law are not entitled to such deference, however, so where the Commissioner commits an error of law, the court must reverse the decision regardless of the volume of evidence supporting the factual findings. *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007).

While the standard of review is deferential, the court cannot act as a mere "rubber stamp" for the Commissioner's decision. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). An ALJ is required to "minimally articulate" the reasons for his decision. *Berger*, 516 F.3d at 544; *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Although the ALJ need not address every piece of evidence, the ALJ cannot limit his discussion to only that evidence that supports his ultimate conclusion. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALL's decision must allow

4

the court to assess the validity of his findings and afford the claimant a meaningful judicial review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009). The Seventh Circuit calls this building a "logical bridge" between the evidence and the ALL's conclusion. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). Even if there is substantial evidence in the record to support the ALJ's decision, it must be overturned if the ALJ has not sufficiently explained her reasoning. *Sarchet*, 78 F.3d at 307.

In this case, the ALJ based her determination that Mr. Borostowski has the physical capacity to do a limited range of light work on the report of the state agency physician, Dr. Gonzalez. (R. 34). In turn, Dr. Gonzalez based her findings on the functional capacity assessment – she referred to it as the FCA – that was performed on June 11, 2009. (R. 985). She asserted – or, perhaps, accepted – that the test was valid, and, so, all the limitations were valid as well. (R. 985). Indeed, Dr. Gonzalez echoed the limitations that were found in the FCA. (R. 985). One of those limitations, and the most salient one here, was that Mr. Borostowski was capable of working no more than 5 or 6 hours a day. (R. 629). In other words, he was not capable of working a full day and that would mean, as the vocational expert testified in this case, that there would be no jobs that he could perform in the economy. (R. 20).

Yet, Dr. Gonzalez contradicted herself and the FCA she accepted by – seemingly – indicating that Mr. Borostowski could perform light work, seemingly for an 8-hour day. (R. 985-91). Either that, or she authored a report that said Mr. Borostowski could perform part-time light work. In the former case, Dr. Gonzalez's opinion contradicts the very evidence she reviewed to arrive at it and it cannot constitute substantial evidence to support the ALJ's decision. The ALJ certainly cannot rely on a flawed medical opinion to support his decision. *Suide v. Astrue*, 371 Fed.Appx. 684, 690

5

(7th Cir. 2010).

In the latter case, the ALJ, despite saying he was basing his finding on Dr. Gonzalez's report, found that Mr. Borostowski could perform restricted light work for 8-hour days instead of the 5 or 6 hour indicated in Dr. Gonzalez's report. There is nothing, then, to get Mr. Borostowski from part-time work to full-time work and a finding that he is not disabled. There is, as the Seventh Circuit would say, no logical bridge from the evidence to the ALJ's conclusion. *See Jelinek v. Astrue*, 662 F.3d 805, 812 (7th Cir. 2011)(ALJ must build a logical bridge from the evidence to her conclusion); *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012)(ALJ's decision must allow for meaningful review); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007)(ALJ must adequately articulate his analysis so that we can follow his reasoning); *Grieves v. Astrue*, 360 Fed.Appx. 672, 675 (7th Cir. 2010)(ALJ may rely on state agency physician's opinion as long as he adequately justifies it); *Schmidt v. Colvin*, 545 Fed.Appx. 552, 557 (7th Cir. 2013)(remand necessary where ALJ's opinion contradicted the medical opinion he supposedly relied upon).

Moreover, while relying on Dr. Gonzalez's opinion, the ALJ rejected the very FCA it was based upon, saying that it was invalid because Mr. Borostowski engaged in "self-limiting behaviors." (R. 34). Setting aside the fact that there is no evidence of that and both a state agency physician and Mr. Borostowski's treating physician found the test to be valid, it is illogical for the ALJ to base her determination on a report that is based on a study the ALJ concludes is invalid. This flaw is underscored by the fact that the ALJ rejected the opinion of Mr. Borostowski's treating physician because it was based on the FCA. (R. 34). That's the same FCA that Dr. Gonzalez's report was based on – the report the ALJ based her decision on. So, clearly, this case must be remanded.

6

## CONCLUSION

The plaintiff's motion for summary judgment or remand [Dkt. #22] is GRANTED, and the Commissioner's motion for summary judgment [Dkt. #27] is DENIED.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 5/5/14